UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 15-070-DCR |
| ) | |
| V. ) | |
| ) | |
| ALLEN JAMES WEST, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Allen James West has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 347] However, he has not demonstrated extraordinary and compelling reasons to support early release. Further, the considerations under 18 U.S.C. § 3553(a) do not weigh in favor of granting the relief requested.

## I. Background

Defendant West pleaded guilty to conspiring to distribute 100 grams or more of heroin and being a felon in possession of a firearm. He was sentenced on April 27, 2016, to 122 months of imprisonment, to be followed by eight years of supervised release. [Record No. 159] West is currently housed at Fort Dix FCI and his projected release date is October 17, 2024.[1]

---

[1] BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last accessed Feb. 1, 2021).

- 1 -

## II. Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). It provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts generally apply a three-step test when analyzing motions for compassionate release. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id*. Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id.* at 1108. Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a). *Id.*

There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id.* at 1108-09. Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis. *Id.* at 1111. Additionally, "district courts may deny compassionate-release motions when any of the three

---

[2] West acknowledges that defendants are required to exhaust administrative remedies but does not allege that he has done so. Accordingly, it is likely that West's motion could be denied on this basis alone. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020) ("When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'").

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

West contends that he is entitled to compassionate release because he tested positive for COVID-19 in May 2020.[3] West asserts generally that COVID-19 may cause a variety of serious health problems including "heart inflammation, acute kidney disease, neurological malfunction, blood clots, intestinal damage, and liver problems." However, he does not indicate that he has been diagnosed with any of these conditions. He reports that he "experienced confusion [and] low blood oxygen levels" but does not indicate that these are persistent conditions. West also reports that he has experienced headaches, has had difficulty sleeping, and has lost weight. However, he has failed to provide any details or medical documentation regarding these alleged medical problems.

While the Court is not bound by the policy statement found in § 1B.13 of the Sentencing Guidelines, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist. The application notes to § 1B1.13 illustrate the type of conditions that constitute extraordinary and compelling medical conditions that warrant compassionate release. They include terminal illnesses or serious physical, medical, and mental conditions

---

[3] As a result of testing positive for the virus, West should be at a much lower risk of contracting it again in the future.

which prevent the defendant from providing self-care within a correctional facility.  *See* U.S.S.G. § 1B1.13 cmt. n.1.

The defendant is a 32-year-old man who, at the time of sentencing, reported a history of having no health problems.  Put simply, a diagnosis of COVID-19, from which the defendant apparently has recovered, does not constitute extraordinary and compelling reasons for a sentence reduction.  Further, the factors identified under 18 U.S.C. § 3553(a) also do not weigh in favor of granting the relief requested.  The defendant's crimes were extemely serious.  Beginning on February 9, 2015, and continuing until June 30, 2015, West and several co-conspirators conspired to distribute 100 grams or more of heroin in Fayette County, Kentucky.  Kentucky State Police detectives and FBI agents made nine controlled purchases of heroin from West during this period.  West was ultimately held responsible for between 400 and 700 grams of heroin.  Additionally, he possessed a firearm in furtherance of the instant drug trafficking offense, despite his status as a convicted felon.

The defendant's history and characteristics also weigh against granting a sentence reduction.  West has a significant criminal history, including felony controlled substance and burglary convictions from the Fayette Circuit Court.  He committed the instant offense while on probation for felony state court offenses.  Accordingly, it appears that previous sentences imposed in state court were insufficient to deter the defendant from engaging in criminal activity.

Next, the defendant's personal characteristics also weigh against granting a sentence reduction.  West reported having used alcohol, heroin, Xanax, and Valium nearly every day prior to his arrest.  Additionally, his employment record is poor.  His most recent employer reported that he had high potential, but his reliability was very poor.  These factors indicate

that West stands to benefit from a variety of BOP programming and such programming may play a vital role in his successful transition to community re-entry upon release. Completing his sentence as originally imposed will help ensure that he and the BOP have sufficient time to fulfill this goal.

Finally, as explained during his sentencing hearing, West is subject to a minimum mandatory term of 10 years' imprisonment and his properly-calculated advisory guidelines range was 120 to 125 months' imprisonment. The 122-month sentence imposed falls squarely within that range. Such a sentence is necessary to promote respect for the law, provide a just punishment, to deter this defendant and others from criminal activity, and to protect the public from the further crimes the defendant may be inclined to commit. Additionally, the within-guidelines sentence promotes the goal of avoiding unwarranted sentencing disparities. Accordingly, the sentence remains *minimally* sufficient but not greater than necessary to fulfill all of the objectives of 18 U.S.C. § 3553(a).

### III. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 347] is **DENIED**.

Dated: February 2, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky